IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DEBRA E. LONDON | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 19-71 |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                      **May 15, 2019**

Plaintiff Debra E. London brings this tort action against Defendant United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for injuries she sustained after tripping over a "pole stump" that the United States Postal Service (USPS) allegedly left in the ground after removing a sign directing the public to a nearby post office in Ridley Park, Pennsylvania (Ridley Park Post Office). The Government moves to dismiss London's Complaint for lack of subject matter jurisdiction, alleging her claim is time barred because she failed to exhaust her administrative remedies within the two-year statute of limitations period. Because the Court finds London's claim is time barred, the Court will grant the Government's motion and dismiss London's claim with prejudice.

**BACKGROUND**[1]

On December 9, 2015, while walking to a South Eastern Pennsylvania Transportation Authority (SEPTA) bus stop in Ridley Park, Pennsylvania, London tripped over a "pole stump" and fell, sustaining bodily injuries. This pole stump was a small piece of metal projecting

---

[1] Except where noted, the facts set forth in this Memorandum are drawn from the allegations in the Complaint. Because the Government brings a factual challenge to the Court's subject matter jurisdiction, which is further discussed below, the Court does not accord any presumption of truth to London's allegations. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (explaining plaintiff bears the burden of proving subject matter jurisdiction when a factual attack is made).

approximately two inches above the ground in a grassy area between the curb and sidewalk. At the time of London's fall, there were no markings on the pole stump indicating its ownership.

On February 29, 2016, London retained counsel to represent her in a personal injury action against the party responsible for leaving the pole stump in the ground. London's counsel sought to identify the owner of the pole stump by contacting Ridley Township, Ridley Township's insurance carrier, SEPTA, and the Pennsylvania Department of Transportation. None of the contacted parties claimed ownership of the pole stump. London's counsel nevertheless drafted a complaint against Ridley Township to file before December 9, 2017, to prevent the statute of limitations from running.

On November 21, 2017, London's friend provided London's counsel with a photograph of the pole stump taken in 2007 with a sign attached to it providing directions to the Ridley Park Post Office, suggesting the USPS owned the pole stump. A week later, on November 28, 2017, London's counsel filed a complaint against the USPS in the Court of Common Pleas of Delaware County, Pennsylvania (Original Complaint). The Original Complaint contained a demand for damages "in an amount not in excess of 50,000." Opp'n Ex. A, at 3, ECF No. 4. A deputy sheriff for the Sherriff's Department of Delaware County, Pennsylvania delivered a copy of the Original Complaint to Palmer Wingfield, an employee at the Ridley Park Post Office on December 6, 2017. *See id.* Ex. B.

On March 3, 2018, London's counsel sent a letter to counsel for the USPS, the United States Attorney's Office for the Eastern District of Pennsylvania.[2] *See* Opp'n Ex. C. The letter notified the United States Attorney's Office of the pending action in the Court of Common Pleas

---

[2] London attaches three letters that her counsel wrote to the United States Attorney's Office to her response to the Government's motion to dismiss. *See* Opp'n Exs. C-E. The Court notes that neither London nor the Government has attached the Government's responses to these letters.

2

of Delaware County and further stated, "[u]nfortunately we were unable to notify [USPS] of the plaintiff's claim before filing suit because we did not discover the [USPS's] involvement until November 2017." *Id.* On April 3, 2018, the USPS filed a notice of removal in this Court and moved to dismiss the case for lack of subject matter jurisdiction asserting London failed to "present" her claim to the USPS and exhaust her administrative remedies.

On April 13, 2018, London's counsel again wrote the United States Attorney's Office, stating London "intends to file a claim with the [USPS] under the FTCA and has authorized me to notify the Court that she has no objection to the [G]overnment's motion to dismiss . . . provided the [G]overnment agrees to revise [the proposed order to bar the Government from asserting a statute of limitations defense]." *See id.* Ex. D. Three days later, on April 16, 2018, London's counsel sent a letter to the USPS National Tort Center, the agency responsible for investigating and remedying injuries and property damage caused by the USPS and its employees. The letter provided a description of London's potential claim and sought damages "in the amount of $50,000." *See id.* Ex. F. That same day, London's counsel sent another letter to the United States Attorney's Office asserting the Original Complaint served on the USPS office was sufficient to present her claim before the USPS and arguing London's claim did not accrue until November 21, 2017, the date on which she learned the USPS owned the pole stump. *See id.* Ex. E.

On June 27, 2018, this Court granted the Government's motion to dismiss for lack of subject matter jurisdiction. The Court's dismissal was "with prejudice to [London's] right to assert claims against the [USPS] in this or any civil action, but without prejudice to her right, if any, to bring such claims against the [Government and] without prejudice to the [Government's] right to respond however it sees fit to any future action . . . ." *See id.* Ex. G. On July 2, 2018, London's counsel wrote a letter to the USPS National Tort Center to confirm that it received London's April

3

16, 2018, letter as well as that the Ridley Park Post Office received the Original Complaint. *See id.* Ex. H. On July 18, 2018, London's counsel sent another letter to the USPS National Tort Center containing the 2007 photograph of the sign attached to the pole stump providing directions to the Ridley Park Post Office, another photograph taken in November 2017 of a similar USPS sign at a different location in Ridley Township, and copies of London's medical records. *See id.* Ex. I. To date, London has not received a response from the USPS National Tort Center regarding her counsel's letters or her Original Complaint.

On January 7, 2019, London filed the instant action against the Government, making substantially the same allegations as she did against the USPS in her Original Complaint. On February 7, 2019, the Government filed the instant motion to dismiss London's based on London's failure to exhaust administrative remedies and the expiration of the FTCA's two-year statute of limitations. The Government's motion is now ripe for disposition.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. A challenge to the Court's subject matter jurisdiction may be either a facial challenge or factual challenge. A facial challenge concerns an alleged pleading deficiency, whereas a factual challenge "concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). In deciding a factual challenge, the Court does not accord any presumption of truth to the plaintiff's allegations, and the plaintiff bears the burden of proving subject-matter jurisdiction. *Id.* The Government brings a factual challenge to the Court's subject matter jurisdiction because it alleges London failed to exhaust her administrative remedies under the FTCA and her claim is now time barred.

The FTCA operates as a limited waiver of the Government's sovereign immunity. *White-Squire v. United Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA provides the exclusive remedy for torts based on the "negligent or wrongful act of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and requires a plaintiff to first exhaust her administrative remedies by presenting her claim to the appropriate federal agency and completely exhaust all administrative remedies before filing suit, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

To properly exhaust, a plaintiff must present the federal agency with her tort claim within two years after the claim begins to accrue or else the FTCA's statute of limitations will bar plaintiff's action. *See* 28 U.S.C. § 2401(b). A claim has been presented to a federal agency when the plaintiff submits to the agency either (1) an executed Standard Form 95, or (2) other written notification of the incident that includes a claim of money damages in a sum certain.[3] *See* 28 C.F.R. § 14.2. For claims against the USPS, a plaintiff may present her claim to the agency by sending it to (A) "the Tort Claims Coordinator for the Postal Service District Office where the accident occurred"; (B) "any office of the Postal Service"; or (C) the "USPS National Tort Center." 39 C.F.R. § 912.4. Until the plaintiff has presented her claim to the appropriate administrative agency and the agency has investigated and issued a decision, the claim remains unexhausted and courts lack jurisdiction over it. *See* 28 U.S.C. § 2675(a); *White-Squire*, 592 F.3d at 457.

In this instance, London has failed to properly present her claim to the USPS within two years of her injury by submitting an executed Standard Form 95 or written notification of the

---

[3] Supplying an inexact or ambiguous amount of money damages is insufficient to satisfy the FTCA's sum certain requirement. *See White-Squire*, 592 F.3d at 457 (stating the plaintiff has "the jurisdictional obligation to present a claim for a sum certain to the appropriate agency").

incident that includes a sum certain. London's claim accrued on December 9, 2015—the date on which London tripped over the pole stump and sustained injuries.[4] As a result, London was required to present her claim to the USPS on or before December 9, 2017.

London argues her filing and service of the Original Complaint satisfied the exhaustion requirement because she gave the USPS notice of her claim with sufficient information to investigate it and requested damages "in an amount not in excess of $50,000." *See* Opp'n Ex. A, at 3. This argument is unpersuasive for two reasons. First, the filing of a complaint is insufficient to exhaust the FTCA's administrative exhaustion requirement. *See Hause v. United States*, 378 F. App'x 158, 159 (3d Cir. 2010) (affirming the dismissal of an FTCA action against the USPS where the plaintiff filed a complaint in the District of New Jersey instead of filing an administrative notice or Standard Form-95 notice with the USPS).

Second, even assuming London's filing of the Original Complaint and service on the Ridley Park Post Office constituted sufficient notice of her claim, the Original Complaint failed to provide a claim for money damages in a sum certain. As noted, London's Original Complaint requested damages "in an amount not in excess of $50,000." *See* Opp'n Ex. A, at 3. Requesting damages "in an amount not in excess of $50,000" is insufficient to satisfy the sum certain requirement. *See, e.g.*, *White-Squire*, 592 F.3d at 457, 460 (explaining that the FTCA "anticipates that the claim will be for a definite amount" and affirming dismissal of FTCA claim for failure to

---

[4] Although London's April 16, 2018, letter to the United States Attorney's Office asserted that she intended to argue that her claim did not accrue until November 21, 2017—the date on which she learned the USPS owned the pole stump—London did not raise this argument in her response to the Government's motion to dismiss. Regardless, this argument contains no merit as for purposes of the FTCA, London's claim accrued on December 9, 2015, the date of her injury. *See Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 271 (3d Cir. 2006) ("[A] tort claim [under the FTCA] accrues at the time of injury.")

present a sum certain claim for damages (internal quotation marks and citation omitted)); *see also Schwartzman v. Carmen*, 995 F. Supp. 574, 576 (E.D. Pa. 1998) ("Supplying an inexact number such as 'less than $50,000' does not advance the goals of the sum certain requirement." (citation omitted)). Because her filing and service of the Original Complaint failed to satisfy the exhaustion requirement and these were the final actions she took regarding her claim before December 9, 2017, London's claim was not timely presented.

London nevertheless presented her claim to the USPS on April 16, 2018, when she mailed a letter to the USPS National Tort Center providing a description of her claim and seeking damages "in the amount of $50,000." *See* Opp'n Ex. F. However, because this action occurred after December 9, 2017, London's claim is "forever barred," 28 U.S.C. § 2401(b), unless the time for her to present her claim was tolled. London asserts two bases for tolling: (1) the FTCA's "savings clause," set forth in 28 U.S.C. § 2679(d)(5), and (2) equitable tolling. Neither applies here.

The FTCA's savings clause "deems timely claims brought erroneously in state court, rather than before the appropriate federal agency, within two years after they accrue." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 198 (3d Cir. 2009) (citing 28 U.S.C. § 2679(d)(5)). The purpose of the FTCA's savings clause is to grant relief to plaintiffs who are unaware of the federal status of the entity or employee they have sued. *See Albright v. Keystone Rural Health Ctr.*, 320 F. Supp. 2d 286, 290 (M.D. Pa. 2004) ("The [FTCA's savings clause] creates in effect a legislative grace period when the United States is substituted as the party defendant for an entity or employee that a plaintiff is not aware has federal status at the time of suit.").

The FTCA's savings clause does not apply here because London was aware that the USPS was a federal agency prior to her filing of the Original Complaint. As London's March 3, 2018, letter states, "[u]nfortunately we were unable to notify [USPS] of the plaintiff's claim before filing

suit because we did not discover the [USPS's] involvement until November 2017." *See* Opp'n Ex. C. Thus, at the time she filed her Original Complaint, London was aware of the USPS's federal status and the FTCA's exhaustion requirement. Accordingly, application of the savings clause is improper here. *See Albright*, 320 F. Supp. 2d at 290; *Faura Cirino v. United States*, 210 F. Supp. 2d 46, 53 (D.P.R. 2002) ("The purpose of [the savings clause] is to provide protection to plaintiffs that are *diligently pursuing their claims*, but are *unaware* that the proper defendant is the United States." (emphasis added)); *cf. Huertero v. United States*, 601 F. App'x 169, 173 (3d Cir. 2015) (applying the FTCA's savings clause where the plaintiff filed a medical malpractice action in state court and subsequently learned of the defendant's federal status and coverage under the FTCA).[5]

Equitable tolling does not save London's claim either. Pursuant to the equitable tolling doctrine, a plaintiff may sue a defendant after the statute of limitations has expired if there are inequitable circumstances which prevented her from filing her claim in a timely manner. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). Equitable tolling is an "extraordinary remedy" which courts apply "sparingly." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling is available where (1) the defendant actively misled the plaintiff with regard to her claim; (2) the plaintiff has been prevented from asserting her rights in some extraordinary way; or (3) the plaintiff timely asserted her rights mistakenly in the wrong forum. *Id.* at 751 (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997)). The plaintiff must, however, exercise due diligence in preserving her claim. *See Irwin*, 498 U.S. at 96.

---

[5] As conceded at oral argument on the Government's motion, London's counsel stated that the grounds for denying the application of the FTCA's savings clause were well set forth in the record.

In the present action, none of the equitable tolling circumstances apply. As London conceded at oral argument, the Government did not actively mislead her with regard to her FTCA claim. Second, London's assertion that she experienced "extraordinary difficulties in determining the party, person or entity" responsible for the pole stump does not constitute an extraordinary circumstance warranting equitable tolling. Opp'n 8. London learned the USPS owned the pole stump eighteen days before the statute of limitations ran, but instead of following the administrative process set forth in the FTCA, she filed the Original Complaint. While it took a majority of the two-year statute of limitations period for her to learn that the USPS owned the pole stump, London had sufficient time to research the administrative process for bringing suit against the USPS and present her claim to the USPS before the statute of limitations ran. As the Third Circuit has held, London's failure to research and follow the administrative process for bringing a claim against the USPS does not constitute an extraordinary circumstance warranting equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

Third, insofar as London asserts she mistakenly asserted her rights in the wrong forum, this assertion does not warrant equitable tolling either. As noted, a plaintiff must act with due diligence in preserving her claim to receive equitable tolling. *See Irwin*, 498 U.S. at 96. In this case, London failed to act with due diligence because she knew before the statute of limitations ran on her claim that she would be filing suit against the USPS but failed to research and follow the proper administrative procedure for bringing a claim against the USPS. This failure precludes the application of equitable tolling on the basis that London mistakenly asserted her rights in the wrong forum. *See Lanica v. United States*, No. 07-540, 2007 WL 2908764, at *5 (M.D. Pa. Oct. 4, 2007)

(refusing to toll the statute of limitations where the plaintiffs knew the tortfeasor was a federal agency and "reasonable diligence would have led [the plaintiffs] to file a claim with the appropriate Federal agency" instead of filing an action in federal court). Thus, London's claim does not warrant equitable tolling. As a result, because London's FTCA claim does not trigger the FTCA's savings clause and is not equitably tolled, her claim is untimely and "forever barred." 28 U.S.C. § 2401(b).

**CONCLUSION**

For the reasons set forth above, the Court will grant the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismiss the above-captioned case with prejudice.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.